**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX

CORDEN WILLIAMS,                  )
                                  )
             Plaintiff,           )
                                  )
        v.                        )    Civil No. 2006-127
                                  )
VIRGIN ISLANDS TELEPHONE          )
CORPORATION (VITELCO) and         )
INNOVATIVE COMMUNICATION          )
CORPORATION,                      )
                                  )
             Defendants.          )
_____)
```

ATTORNEYS:

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
        *For the plaintiff.*

**Kevin A. Rames, Esq.**
St. Croix, U.S.V.I.
        *For the defendants.*

<u>**MEMORANDUM OPINION**</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the defendant, Virgin Islands Telephone Corporation ("Vitelco")[1], to dismiss the complaint in this matter.[2]

---

[1] By order dated August 28, 2007, the Court stayed this matter with respect to Innovative Communication Corporation ("ICC").

[2] The motion purports to be brought by Vitelco and an individual named David L. Sharp. Sharp, however, is not named as a defendant in this matter.

*Williams v. Vitelco*
Civil No. 2006-127
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

Corden Williams lives in St. Croix, U.S. Virgin Islands.[3] Vitelco is a Virgin Islands corporation.

From 1995 until 2006, Williams worked for Vitelco, beginning as a Line Supervisor. During his employment, Williams, a black man who is over age forty, received lower pay and fewer benefits and was given less desirable assignments based on his age and race. He was fired on June 23, 2006. Williams thereafter filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and the Virgin Islands Civil Rights Commission.

Williams brought this lawsuit in September 2006. He asserts the following six causes of action: (1) a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (2) a violation of the Virgin Islands' anti-discrimination laws, V.I. CODE ANN. tit. 10, §§ 10-11; (3) wrongful discharge; (4) defamation; (5) intentional infliction of emotional distress; and (6) a claim for punitive damages.

Vitelco moves to dismiss Williams' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Although framed as a

---

[3] Because Vitelco's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint are taken as true. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009); *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

*Williams v. Vitelco*
Civil No. 2006-127
Memorandum Opinion
Page 3

motion to dismiss the complaint, it is clear that Vitelco challenges only Count One's Title VII claim.  Williams opposes the motion.

## II. DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).  A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted).  Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are

*Williams v. Vitelco*
Civil No. 2006-127
Memorandum Opinion
Page 4

true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555).

### III. ANALYSIS

Vitelco maintains that dismissal of Count One's Title VII claim is warranted because Williams does not allege that he has received a right-to-sue letter from the EEOC. Vitelco argues that the absence of such an allegation is fatal to such a claim.

Title VII requires a plaintiff to file a charge of race discrimination with the EEOC within 180 days of the occurrence of an allegedly unlawful employment practice. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001). Within ten days, the EEOC must serve notice of the charge on the plaintiff's employer. 42 U.S.C. § 2000e-5(e)(1). Where, as here, the plaintiff also files a complaint with a parallel state agency, "the period for filing the charge with the EEOC is extended to 300 days from the date of the alleged unlawful employment practice." *Burgh*, 251 F.3d at 470 (citing 42 U.S.C. § 2000e-5(e)(1)).

The plaintiff must allow the EEOC at least 180 days to investigate the charge before filing suit. *Id.* (citing 42 U.S.C. § 2000e-5(f)(1); *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 361 (1977) (holding that a private right of action does not arise until 180 days after a charge has been filed)). The plaintiff is

*Williams v. Vitelco*
Civil No. 2006-127
Memorandum Opinion
Page 5

entitled to sue at the close of the 180-day period "regardless of the pendency of EEOC proceedings." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984).

If the EEOC decides to take no action on the charge, it will state as much in a "right-to-sue" letter issued to the plaintiff. *Burgh*, 251 F.3d at 470; *Waiters*, 729 F.2d at 237. If the EEOC does not issue such a letter at the end of 180 days, the plaintiff may request one, which the EEOC then must promptly issue. *Burgh*, 251 F.3d at 470 (citing 29 C.F.R. § 1601.28(a)(1)).

"The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." *Id.* (citation omitted); *see also Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)) ("The preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan.'"). Indeed, a plaintiff "may not bring a Title VII suit without having first received a right-to-sue letter." *Burgh*, 251 F.3d at 470 (citations omitted); *see also Stampone v. Freeman Decorating Co.*, 196 Fed. Appx. 123, 126 (3d Cir. 2006) (unpublished) ("In the absence of a right-to-sue letter, a Title VII suit can be dismissed for failure to state a claim upon which relief may be granted." (citation omitted)).

In his complaint, Williams alleges that he "timely filed a

*Williams v. Vitelco*
Civil No. 2006-127
Memorandum Opinion
Page 6

complaint with the EEOC and the Virgin Islands Civil Rights Commission." (Compl. ¶ 29.) Nowhere, however, does Williams allege that he has received a right-to-sue letter. In his opposition to Vitelco's motion, Williams acknowledges the absence of such an allegation. (*See generally* Pl.'s Opp'n Mot. Dismiss.) He claims, however, that after filing his EEOC complaint he did not receive a right-to-sue letter until February 2007.[4]

The Court of Appeals for the Third Circuit has explained that the "failure to obtain a right-to-sue letter . . . is curable at any point during the pendency of the action." *Anjelino v. New York Times Co.*, 200 F.3d 73, 96 (3d Cir. 1999) (citations omitted); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 310 (6th Cir. 2000); *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982); *Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972); *see also Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984) (A right-to-sue letter "is not a 'jurisdictional' requirement in the constitutional sense, but rather a statutory requirement designed to give the administrative process an opportunity to proceed before a lawsuit is filed." (citations omitted)).

Indeed, under similar circumstances, the Third Circuit has held that the appropriate course for a district court to take is

---

[4] Williams has attached the right-to-sue letter to his opposition to Vitelco's motion.

to allow a plaintiff who does not allege receipt of a right-to-sue letter an opportunity to amend her complaint. *See*, *e.g.*, *Gooding*, 744 F.2d at 358 ("[W]e believe that the district court abused its discretion in not giving plaintiff leave to amend her complaint [where she failed to allege the issuance of a right-to-sue letter]. . . . It is a sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on their merits." (citations omitted)); *see also*, *e.g.*, *Phillips v. Sheraton Soc'y Hill*, 163 Fed. Appx. 93, 93-94 (3d Cir. 2005) (unpublished) ("We are troubled by the fact that Phillips was given no opportunity to amend the Complaint before the District Court . . . dismissed it [where the plaintiff] did not allege that he had received a right-to-sue letter."); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("Even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment unless an amendment would be inequitable or futile.").

## IV. CONCLUSION

For the reasons given above, the motion to dismiss will be

*Williams v. Vitelco*
Civil No. 2006-127
Memorandum Opinion
Page 8

denied without prejudice, and Williams allowed an opportunity to

amend his complaint.  An appropriate order follows.


                                    S_____
                                       **CURTIS V. GÓMEZ**
                                         **Chief Judge**